IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,107




EX PARTE VAUGHN DUWAYNE HARMAN, III, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 756282 IN THE 208TH DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
building with intent to commit theft and was sentenced to twelve years’ imprisonment. He did not
appeal. 
            Applicant contends, inter alia, that he is being denied street time credit to which he is
entitled. Applicant alleges he was erroneously released from the Texas Department of Criminal
Justice (TDCJ) and was on mandatory supervision for approximately ten days, when the parole
division realized its mistake and issued a warrant for his arrest due to their erroneous release.
According to an affidavit provided by TDCJ’s Classification and Records Division, with respect to
the time he was erroneously released, applicant is being “charged for out of custody pursuant to Ex
parte Hale.


” We recently rejected this interpretation of Hale in Ex parte Rowe.


 There is no
evidence in the habeas record that, during the time he was erroneously released, applicant violated
any conditions that would have been placed on him had he been properly released on mandatory
supervision for the sentence. Neither TDCJ nor the State makes any such allegations.
            We find, therefore, that applicant is entitled to jail time credit for the time from the date he
was erroneously released to mandatory supervision until the date he was returned to the custody of
the Texas Department of Criminal Justice. Applicant’s remaining grounds for relief are denied. 
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: MARCH 11, 2009
Do not publish